UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, U.S. Department of Labor;<br><br>Plaintiff,<br><br>vs.<br><br>AUGUSTUS MANAGEMENT, LLC, and JONATHAN ROBERTSON, individually;<br><br>Defendants. | 4:16-CV-04067-KES<br><br><br>ORDER DENYING PETITIONER'S MOTION FOR COSTS |

Petitioner, Thomas E. Perez, Secretary of Labor, United States Department of Labor, moves for costs in the amount of $600.56, due to respondents, Augustus Management, LLC, d/b/a Cherry Street Grille & Howler's Bar and Grill, and Jonathan Robertson's, failure to appear at a show cause hearing on Petitioner's Petition to Enforce Subpoena on July 11, 2016. Docket 16. Respondents have not responded to the motion. Petitioner has informed the court that respondents have complied with the subpoena and produced the majority of the requested records. Docket 18.

In his motion, petitioner does not identify the legal basis for an award of costs. The court assumes petitioner is seeking costs as a sanction for civil contempt. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505

(8th Cir. 2000). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Id.* Here, it is undisputed that respondents violated this court's Order to Show Cause directing them to appear at a hearing on July 11, 2016. The burden then shifted to respondents to show an inability to comply. *Id.* Because respondents have now complied, they have not met this burden.

The next issue the court must consider is whether monetary sanctions are reasonably proportionate to the offending conduct. *See Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 20 (1st Cir. 2003). Petitioner seeks reimbursement for the cost of appearing at the show cause hearing on July 11, 2016, in Sioux Falls, South Dakota. Respondents failed to appear at the hearing. But if respondents had appeared, petitioner would have incurred these same costs. Respondents subsequently substantially complied with the subpoena without necessitating petitioner to make a return trip to South Dakota or incur additional costs. Because no further expenses were incurred by petitioner, the court finds that an award of monetary sanctions would not bear a reasonable relationship to the actual losses that were sustained by petitioner. Thus, it is

ORDERED that Petitioner's motion for costs (Docket 16) is denied and the Clerk of Court's is directed to close this case.

DATED this 6th day of October, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

2